### HOOK v. AYERS et al.

(Circuit Court of Appeals, Seventh Circuit. December 14, 1894.)

#### No. 155.

CORPORATIONS—OFFICERS—RAILROAD BONDS—PLEDGE.

A railroad company owning 247 bonds of another company pledged 125 of them to cross complainants, while the president of the company, with the knowledge of cross complainants, pledged the other 122 bonds to a syndicate composed of himself, two of the cross complainants, and others. He afterwards bought out the other members of the syndicate, and attempted to take absolute title to the bonds by crediting a certain amount upon the debt of the railroad company. *Held* that, although the transac-

tion might be voidable at suit of the railroad company, its shareholders, or judgment creditors, it could not be attacked by cross complainants. 63 Fed. 347, affirmed.

On rehearing. For former opinion and statement of facts, see 63 Fed. 347.

JENKINS, Circuit Judge. The petition for rehearing would seem to be presented in misconception of our opinion. We have not held that the original pledge by Mr. Hook of the 122 bonds for the benefit of the syndicate, or the subsequent transfer of them to himself, could not be attacked by the Jacksonville Southeastern Railway Company, its creditors or shareholders. We have not determined that as to the company, its creditors or shareholders, the transaction could be upheld. We did not find it needful to consider that question. We held that the appellees, upon the record here, were in no position to make that attack. With that conclusion we are content. The transaction sought to be avoided could have been ratified by the company, could have been sanctioned by its shareholders, could have been confirmed by its creditors. It was therefore voidable, not void. If without original authority, and in contravention of the rights of the company, it was voidable at the election of the company, its creditors and shareholders,—not of a stranger. The cross bill filed by the appellees proceeds upon the postulate that they, as pledgees of 125 other bonds, not as creditors, can rightfully attack the transaction. This, we think, they cannot do. It is true that it incidentally appeared by the testimony of one witness that a judgment had been rendered in favor of the appellees against the company for the loan for which the 125 bonds were pledged, but the cross bill proceeds upon no such ground. The judgment is not referred to in the bill. In a general sense, it appears from the cross bill that the appellees are creditors of the company, but not that they are judgment creditors; and we have held, following the case of Hollins v. Iron Co., 150 U. S. 371, 14 Sup. Ct. 127, that simple contract creditors are not in position to attack such transactions. Morrow Shoe Manuf'g Co. v. New England Shoe Co., 18 U. S. App. ——, 6 C. C. A. 508, 57 Fed. 685,—on rehearing, 18 U. S. App. ——, 8 C. C. A. 652, 60 Fed. 341.

The 247 bonds issued by the Louisville & St. Louis Railway Company were the property of the Jacksonville Southeastern Railway Company. The latter pledged 125 of these bonds to M. P. Ayers & Co. as collateral to its debt to them for money borrowed to construct the road of the former company, whereby the bonds were earned. M. P. Ayers & Co. had no equitable or legal right to the remaining 122 bonds. They were content with their collateral security, knowing that their 125 bonds were to share with the remaining 122 bonds in the proceeds of the sale of the road, if default should be made in their payment. Possibly, the 122 bonds remaining the property of their debtor, they might, in the distribution of the proceeds of sale of the mortgaged premises, upon which all of the bonds were secured, equitably insist that their bonds should be awarded priority of payment because the Jacksonville Southeastern Railway

Company was liable for the debt to them. And this we understand to be the theory upon which the cross bill proceeds. But it is shown that at the time of the loan M. P. Ayers & Co. knew that the remaining 122 bonds had been transferred by the railway company to the syndicate composed in part of two of their firm, and with such knowledge they sold to Mr. Hook their interest in the syndicate. This interest was acquired by him upon the strength of the fact that the syndicate held the remaining bonds. They have thus sanctioned the arrangement by which the bonds were transferred by the company to the syndicate. The stockholders of the Jacksonville Company and its creditors might properly object to the transfer of the 122 bonds, but not one who contracted his debt with knowledge of, and who has participated in the avails of, the transfer. Petition overruled.